UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY SHANEE MALDONADO, | No. 2:22-cv-0923 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND |
| B. KEBLER, et al., | RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.  Three Strikes Analysis

Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $52.00 administrative fee.  However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because he has accrued at least three strikes under 28 U.S.C. § 1915(g) and he has not shown that he is under imminent danger of serious physical injury.  Instead, the court will recommend that plaintiff be required to pay the $402.00 in required fees or suffer dismissal of the complaint.

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a

person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Inspection of other cases filed by plaintiff has led to the identification of at least four cases that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Maldonado v. Yates, E.D. Cal. No. 1:11-cv-1735 LJO GSA (complaint dismissed on June 13, 2013, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 19));

2. Maldonado v. Yates, E.D. Cal. No. 1:11-cv-1885 AWI JLT (complaint dismissed on January 17, 2014, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 16));

3. Maldonado v. Yates, E.D. Cal. No. 1:12-cv-0496 AWI EPG (complaint dismissed on December 14, 2016, for failure to state a claim and explicitly held to count as a strike

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

pursuant to 28 U.S.C. § 1915(g) (ECF No. 19));

4. <u>Maldonado v. Trimble</u>, E.D. Cal. No. 1:12-cv-1088 AWI EPG (complaint dismissed on July 28, 2016, for failure to state a claim and explicitly held to count as a strike pursuant to 28 U.S.C. § 1915(g) (ECF No. 27)).

All of the preceding cases were dismissed well in advance of the June 1, 2022 filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); <u>see also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).

The complaint alleges that on December 31, 2020, plaintiff was promised single-cell status as an alternative to going to administrative segregation to address his safety concerns, but later had another inmate placed in his cell in retaliation for filing grievances. ECF No. 1 at 6, 9. Plaintiff also alleges that he has been denied access to the law library and timely processing of his grievances. <u>Id.</u> at 6-8. These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis (IFP) status unless your claims show that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your allegations do not involve any imminent threat of serious physical injury, the magistrate judge is recommending that your IFP motion be denied and that you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE